UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL RICHTER,<br><br>    Defendant. | Case No. 2:20-cr-00493-SB-1<br><br>ORDER DENYING APPLICATION FOR EARLY TERMINATION OF SUPERVISED RELEASE [DKT. NO. 43] |

    Defendant Daniel Richter filed an ex parte application for early termination of his supervised release. Dkt. No. 43. Defendant currently resides in and is being supervised in Colorado, though jurisdiction over his supervision remains in the Central District of California. Dkt. No. 53 at 1 n.2 ("Although supervision has been transferred into the District of Colorado, for unknown reasons, jurisdiction over this case has remained in the Central District of California."). Defendant seeks early termination of his release because he applied for and received a Section 8[1] voucher, but states "the only Section 8 housing available for the time being is in the Northern District of Illinois, a district which has declined to accept the transfer of his supervision." Dkt. No. 43 at 3. The Court ordered and obtained a response from the U.S. Probation and Pretrial Services Office (USPO). Dkt. Nos. 45, 53. The USPO Officer supervising Defendant in Colorado takes no position on his application for early termination, the Officer supervising him in California opposes early termination, and the victim of Defendant's offense opposes early termination.

---

[1] Section 8 is a federal housing voucher program that assists low-income families, the elderly, and the disabled with paying for housing. *See* U.S. Dep't of Housing & Urban Development, *Housing Choice Vouchers Fact Sheet*, https://www.hud.gov/topics/housing_choice_voucher_program_section_8 (last visited Feb. 2, 2023).

Dkt. No. 53 at 1.  For the reasons stated below, the Court denies Defendant's request.

After considering a subset of the sentencing factors described in 18 U.S.C. § 3553(a), a district court may terminate post-release supervision after an initial 12-month term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  A defendant need not demonstrate undue hardship.  *U.S. v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (undue hardship is not required to obtain relief but may be "consider[ed] as one factor among others").  Nor is there a rigid rule requiring a defendant to show exceptionally good behavior or other exceptional circumstances.  *U.S. v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).  Rather, a district court may consider "a wide range of circumstances" consistent with the applicable statutory factors.  *Id*. (cleaned up); *see also Emmett*, 749 F.3d at 819 (citing *U.S. v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006)).  In deciding whether to grant early termination, a district court must provide an explanation of its reasoning to facilitate meaningful appellate review "and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard."  *Emmett*, 749 F.3d at 822.

First, it is not clear that Defendant actually has housing available through Section 8.  While Defendant may have a Section 8 voucher, a probation officer in Northern Illinois contacted staff at the apartment building where Defendant states he was accepted for housing (Amber Manor Apartments), and the staff "advised that no person convicted of a felony" may reside there.  Dkt. No. 53-5 at 2.  The officer stated in a letter that his office refused to accept transfer of Defendant's supervision to the Northern District of Illinois for this reason and also because Defendant has no familiarity with the Dekalb area, where he seeks to reside, or any family or other support system there.  The government states it is "troubled by the fact that [D]efendant did not disclose that he was a felon when seeking to relocate to the Northern District of Illinois."  Dkt. No. 53 at 13 n.4.  However, in Defendant's reply, his counsel declares that she spoke with Defendant's Probation Officer in Colorado, who "ha[d] no information regarding whether Mr. Richter was asked but failed to disclose his conviction when applying to Amber Manor Residence."  Dkt. No. 56 at 3.  Counsel states that she has been unable to reach anyone at Amber Manor for further information.  *Id*.  Given the uncertainty about Defendant's housing situation and the lack of a support system in the Dekalb area, the Court does not believe that termination of supervision is appropriate.[2]

---

[2] The government also supplemented its opposition with a letter from a probation officer in the Middle District of Tennessee, declining a July 2022 relocation

Second, and dispositively, the relevant § 3553 factors do not favor early termination. Application of § 3553(a)(1) weighs strongly against early termination. This factor requires courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Defendant's criminal behavior was intense, intrusive, frightening, and subjected his victim to severe trauma. Defendant first met his victim in 2002, and in 2007, a therapist he was seeing informed the victim that Defendant was fixated on her. That year, Defendant began sending unwanted communications to the victim, leading to his arrest in 2008. In 2018, he again began making threatening and sexual comments to the victim through letters, emails, and voicemails—including from jail after he was arrested again in 2018. Dkt. 53-2 at 4–8. The victim stated that Defendant's actions "consum[ed] her life" and caused her and people close to her severe anxiety. *Id*. at 8.

Defendant states that over the last two years he has made progress in managing the underlying mental illness that he asserts caused his criminal behavior. The social worker providing psychiatric treatment to Defendant supports early termination "because [Defendant] repeatedly makes positive decisions to increase his mental health stability." Dkt. No. 43-1 at 2 of 12 (one-page letter). Defendant also filed a letter from a physician who has seen him between 2015 and 2018 and regularly since February 2022, who states that Defendant has "done well this past year" and that the physician "believe[s] that [Defendant] is psychologically and medically stable, and that he does not present a significant risk to the community." Dkt. No. 59-1 at 2. That Defendant has made recent progress while under supervision is, to be sure, a positive sign. But it does mean that he is ready to be released into society unsupervised when considering the severe nature of the offense.

Relatedly, the relevant factors in § 3553(a)(2), which focus on the need for the sentence imposed to deter future criminal conduct, protect the public, and rehabilitate, also favor continued supervision. Defendant acknowledges that he has a long history of mental illness and that the conditions of supervision imposed have

---

request by the Defendant to move to that district. *See* Dkt. Nos. 58, 58-2. The letter states that Defendant "has no residential history or supportive ties" to Tennessee, despite his request for relocation there, and the officer believed that Defendant's relocation request "sound[ed] manic," consistent with his bipolar diagnosis. Dkt. No. 58-2 at 2–3.

allowed him to manage that illness.  Continued supervision will allow Defendant more structured time to develop habits—such as seeking regular treatment for his mental illness and taking his medication—that support his long-term rehabilitation and prevent him from reoffending and posing a danger to the public.  This is particularly important in light of the severity of his illness and his history of noncompliance, including a prior violation of a release condition.  In December 2020 at a preliminary revocation hearing, Magistrate Judge Charles F. Eick found that Defendant had refused to take his medication and had violated the rules of the inpatient mental health treatment facility where he was residing.  Dkt. No. 53 at 8; Dkt. No. 20.  This Court revoked and reinstated supervised release for 36 months.  Dkt. No. 35, 40.  In light of Defendant's history of mental illness, resistance to taking medication, and dangerous behavior, the Court finds that continued supervision is necessary to ensure that he continues to make progress in his treatment and rehabilitation and to protect the public.

     None of the other relevant § 3553(a) factors outweighs the substantial need for continued supervision.  While Defendant appears to have made laudable strides over the last two years, now is not the time to remove the guardrails necessary for his forward progress.  Defendant has not shown that early termination is appropriate.

     Accordingly, Defendant's request is DENIED.

IT IS SO ORDERED.

Date: February 7, 2023

                                       Stanley Blumenfeld, Jr.
                                       United States District Judge

cc: USPO